WILLIAMS, Senior Circuit Judge,
concurring:
I agree with the judgment and with the court’s opinion on all matters but one. I take issue with the court’s grounds for rejecting Feirson’s second seizure claim: The court writes that “no evidence would support a finding that the instructors would not have stopped if Feirson asked them to do so.” Maj. Op. at 1068. The record is unclear on the matter. In the exercise, instructors formed a ring of police officers with shields around Feirson. The ring pushed Feirson back into the attack zone whenever he attempted to elude his attacker. This suggests that the instructors were prepared to compel Feir- *1070 son’s participation, regardless of his protests. And Feirson’s supervisor had rejected his earlier effort to be excused from attending the exercise. Thus, I think a reasonable jury could infer that Feirson could not have induced the trainers to stop (short of a real or feigned collapse, or similar manifestation of serious injury).
Nonetheless, I don’t believe this confinement was an invalid seizure under the Fourth Amendment. In any sort of military or quasi-military training, periods may arise when, as a practical matter, the nature of the training makes it impossible or at least extremely risky for trainees to leave; consider, for example, recruits under live machine gun fire in basic training. Although the trainee cannot unilaterally decide to exit the exercise, the resulting confinement is one to which the trainee agreed when he chose to go ahead with the exercise (or, in the case of the recruit, to join the military). Thus it is either a seizure made lawful by consent, or not a seizure at all within the meaning of the Fourth Amendment, a distinction of no consequence here.